Judge Buckkee,
delivered the opinion of the court.
On the 19th day of February, 1818, Johnson sold and by deed of that date conveyed to Robert H. Grayson part of a lot, in the town of Louisville, at the price of §3,000, payable in instalments. The payment of the purchase money was secured by Grayson’s notes only-.
Thompson and Jones, to whom Grayson was indebh ed to a large amount, were anxious to secure the payment of the debt by obtaining from Grayson a mortgage on the lot aforesaid; but understanding that §750 of the purchase money was due from him to Johnson and remained unpaid, they applied to him, Johnson, on the subject, proposing to assign to him a note executed by Grayson to Jones, dated 25th of December, 1817, for the same amount, and thereby to release any lien, which he might have on the lot, assuring him, that if he v/ould consent to the arrangement, the note so to be assigned, would be punctually paid.— Johnson agreed to the proposition; Grayson’s note to him *381 for the $750 was thereupon delivered up as discharged, and Jones assigned to Thompson and Thompson to Johnson a note executed by Grayson to said Jones the date aforesaid, for the same amount, and they, Thompson and Jones, received from Grayson a mortgage for the lot, bearing date the 22d of April, 1818.
This endorsed or assigned note, for $750, became due on the 23th of December, 1819. Suit was commenced on it, on the 18th of February, 1820, and judgment obtained on the 21th of April, 1820. An execution of fieri facias issued on this judgment on the 1st of June, 1820, and was returned, “no property found.”
The money, to secure the payment of which, the mortgage aforesaid was executed, being due and unpaid, Thompson and Jones instituted a suit in chancery to foreclose Grayson’s equity of redemption. Whilst that suit was depending, Johnson, who from the return of the execution aforesaid, seems to have taken no further step in his suit against Grayson, on the 16th of February, 1828,filed his petition praying that Thompson and Graj son might be compelled to make him a defendant to their bill, that he might have an opportuny of asserting a lien, for the $750 and interest, which he claimed to hold on the ground mortgaged by Graj son to them, which he insisted was created bjr operation of law, from the fact of his sale to Grayson, and his having received no security upon the sale, for the payment of the purchase money, except Grayson’s notes. All except that amount, he acknowledged had been paid.
The circuit court sustained his petition, and in pursuance of the order, entered upon that subject, Thompson amended his bill making Johnson, and the heirs of Jones, who had in the meantime died, defendants.
The heirs answered assenting to the relief sought, and concurring in praying for it.
Johnson also answered, asserting his lien on the lot, or rather part of lot aforesaid, for the amount of his judgment against Grayson, in the manner above set forth, and making it a cross bill against Grayson, Thompson, Jones’ heirs, &c. and praying that it might be sold in satisfaction of his said demand.
Vendor docs not, by conveyance and taking the individual notes of vendee for the purchase money, waive his lien on the land. If vendor holding note of vendee for the purchase money, in order that creditor of vendee may obtain an indisputable mortgage on the land, surrender note for the purchase money, and take from creditor an assignment of note for same amount on vendee, under assurance from creditor, that assigned pote will be punctually paib; he waives his lien on the land for payment of the purchase monay.
Grayson in his answer to this, admitted that the. sum of $750, for which he had executed his note to Johnson, was the remainder of the purchase money, due by him for the lot, and that the note, on which Johnson as assignee of Thompson and Jones had sued him, was assigned in lieu of it, &c.
Jones’,heirs demurred to it.
Upon the hearing of this branch of the cause, the circuit court decided that Johnson had no lien upon the lot in contest and dismissed his cross bill, &c. with costs.
To reverse this decree, Johnson prosecutes this writ of error; and the only point made by the assignment of errors, is, whether the court erred in deciding against his alleged lien.
That upon the sale from Johnson to Grayson, the former had a lien on the lot sold to secure the price agreed to be given is too clear to need argument, or the citation of authority to support it. Butit is not less apparent, that he has waived his hen, and relied upon a new security growing out of the indorsement and personal responsibility of his assignor. In his answer, in speaking of this matter he says, “after he had made said sale, and had taken Grayson’s note for $750, in such manner as to retain a lien, on the said lot, Thompson, Jones, & Co., were endeavoring to secure their demands against said Grayson, and that he was requested by Thompson, Jones, & Co., and also by It. II. Grayson, to give up the note of Grayson for $750, a part of the purchase money of said lot, and for which this respondent then had a lien on the lot, and to take the note of Grayson, endorsed by Thompson, Jones, & Co. for the amount, to enable them to obtain an indisputable mortgage, to secure the payment of their demands against Grayson; and that he was assured by Thompson, Jones, & Co., that their note so endorsed would be paid at maturity; and that he confiding in the good credit and ample solvency of Thompson, Jones, & Co., assented to said arrangement,” &c.
This is certainly an acknowledgment, that he relinquished the lien which he held upon the lot, that their mortgage might be indisputable; and surely no new lien has been created, by any act of the mortgagees’. *383 Whether his assignor be, under existing circumstances, still responsible to him, need not now be enquired into. Whatever his responsibility may be,*as assignor, it is altogether of a legal character. But it is not the responsibility of Thompson or Jones, that is the subject of inquiry; but whether Johnson has still alien on the lot for the amount due to him.
Denny, for plaintiff; Crittenden, for defendant.
The decree of the circuit court must be affirmed with costs.